# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MOUNTAIN STATE BEVERAGE,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-63** (JCN: 2020018930)

**DANIEL SKIPPER II,**
**Claimant Below, Respondent**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mountain State Beverage ("Mountain")[1] appeals the January 26, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Daniel Skipper II filed a timely response.[2] Mountain filed a timely reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order that closed the claim for vocational rehabilitation.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Skipper, a delivery driver for Mountain, sustained a low back injury on February 11, 2020, when he slipped and fell from a delivery truck. The claim was held compensable for a low back sprain.

On September 28, 2021, David L. Soulsby, M.D., performed an independent medical examination of Mr. Skipper. Importantly, Dr. Soulsby determined that Mr. Skipper

---

[1] For reasons not readily apparent in the appendix record, the parties have substituted "Johnson Brothers Liquor Company" for the employer that was identified below as "Mountain State Beverage." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, __W. Va. __, __ n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: "Mountain State Beverage."

[2] Mountain is represented by Jeffrey M. Carder, Esq. Mr. Skipper is represented J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

1

was unable to return to work at full duty and placed him on restrictions (consistent with "light work") with no lifting or carrying more than twenty pounds, no climbing stairs or ladders, and no more than four hours of standing during the workday. Dr. Soulsby recommended that Mr. Skipper attempt to return to work with permanent restrictions.

The claim administrator referred Mr. Skipper to Erin W. Saniga, M.Ed., CRC, LPC, with Allegiant Managed Care for vocational rehabilitation. On March 17, 2022, Ms. Saniga and Mr. Skipper entered into a Rehabilitation Plan that indicated that Mr. Skipper had already completed sixty days of job searching. Under the plan, signed in March of 2022, Mr. Skipper, who was no longer employed by Mountain, was to pursue full-time employment in a light physical demand position, within his vocational abilities, and in a seventy-five mile radius of his home. Mr. Skipper was required to submit applications to fifteen different employers per week, and the applications had to be with employers who had an appropriate position available. Also, Mr. Skipper was instructed to speak with employers about on-the-job training opportunities. Mr. Skipper was advised that failure to maintain the correct number of appropriate contacts per week would result in the discontinuation of the plan. For her part, Ms. Saniga provided Mr. Skipper with a list of seven websites he was to check for jobs. His job search was to continue from March 7, 2022, through April 8, 2022, and he was to receive rehabilitation temporary total disability benefits during this time.

In the Rehabilitation Plan, Ms. Saniga noted concerns she had after reviewing Mr. Skipper's job search logs. Ms. Saniga alleged that Mr. Skipper had applied for positions that were arguably beyond his physical ability, exceeded his capabilities, or for which he did not appear to meet the minimum qualifications. Ms. Saniga indicated that she discussed her concerns with Mr. Skipper and she recommended a thirty-day extension of the job search. The objective of the plan was to "develop Mr. Skipper's job-seeking skills such that he is consistently applying for positions that are both appropriate (vocationally and physically) and available." Mr. Skipper was advised that failure to comply with the requirements of the plan would result in immediate termination of vocational rehabilitation services and any associated wage replacement benefits.

On April 14, 2022, the claim administrator issued an order suspending vocational rehabilitation benefits, on the basis that it received information on April 14, 2022, confirming that Mr. Skipper had not performed his job search within the restrictions outlined in the vocational plan as documented by his job logs completed through April 8, 2022. Thus, his vocational temporary total disability benefits were suspended.

On April 29, 2022, Ms. Saniga filed a closure report of Mr. Skipper's vocational rehabilitation plan. Ms. Saniga indicated that she had left a message for the claim administrator on April 13, 2022, disclosing her findings and on April 14, 2022, the claim administrator advised her to close the file. Ms. Saniga alleged that for the reporting period ending on April 8, 2022, Mr. Skipper failed to timely document compliance with the plan,

and he applied for positions that exceeded his physical ability or for which he did not meet the minimum qualifications. Further, Ms. Saniga contended that Mr. Skipper had not shown that he followed the instructions given by the prospective employers when he applied for positions. In her report, Ms. Saniga maintained that Mr. Skipper had transferable skills and did not require formal training in order to become reemployed, thus, he was placed in Step V of the hierarchy of rehabilitation services. The objective of the rehabilitation plan was to assist Mr. Skipper access the labor market by developing job-seeking skills and utilizing available resources to search for and apply for jobs.

By order dated May 13, 2022, the claim administrator closed Mr. Skipper's claim for vocational rehabilitation on the basis that Mr. Skipper had not been compliant with the job search as documented by job logs completed through April 8, 2022. The order closed Mr. Skipper's vocational rehabilitation temporary total disability benefits that had been suspended on April 14, 2022. Mr. Skipper appealed the order.

The Board issued an order on January 26, 2022, reversing the claim administrator's order dated May 13, 2022. The Board noted Mr. Skipper's deposition testimony about his job search and his desire to continue vocational rehabilitation services. The Board reviewed job logs that were submitted into evidence and found no credible evidence to establish that Mr. Skipper was noncompliant with vocational rehabilitation. It is from the Board's order that Mountain now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 250, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mountain argues that the Board erred in reversing the claim administrator's closure of vocational rehabilitation as the evidence demonstrated Mr. Skipper's noncompliance with the rehabilitation plan. Specifically, Mountain contends that Mr. Skipper applied for positions for which he did not meet the minimum qualifications and that he continued to apply for unsuitable positions, even after he was warned not to do so. Additionally, Mountain asserts that the Board should have deferred to the opinion of Ms. Saniga, a licensed professional counselor, that the goal of the plan had been met. For this assertion, Mountain relies on *Keller v. Murray American Energy, Inc.*, No. 19-0094, 2021 WL 1595436 (W. Va. April 23, 2021) (memorandum decision), asserting that the Supreme Court of Appeals in *Keller* affirmed the Board's order that reinstated the claim administrator's decision to close the claim for vocational rehabilitation, noting that Mr. Keller's vocational counselor determined that the goal of the rehabilitation plan was met as Mr. Keller qualified for and was capable of performing multiple career options. Mountain avers that here the claim administrator properly relied on Ms. Saniga's opinion that the goal of the rehabilitation plan had been met when it closed the claim for vocational rehabilitation.

After review, we conclude that the Board was not clearly wrong in finding no credible evidence to establish that Mr. Skipper had been noncompliant with vocational rehabilitation. As the Board noted, West Virginia Code § 23-4-9(a) (2005) provides that "it is a goal of the workers' compensation program to assist employees to return to suitable gainful employment after an injury." Additionally, we do not find the facts presented in *Keller* to be similar to those here. In *Keller*, the claimant was enrolled in a vocational exploration plan, but when Mr. Keller began receiving Social Security Disability benefits, his vocational services provider determined that he had little incentive to seek employment, and recommended closure of the benefits. The *Keller* Court agreed with the Board's reinstatement of the order closing Mr. Keller's claim for vocational rehabilitation because there was no indication that Mr. Keller would be assisted in returning to employment with the aid of rehabilitation services.

Finding no error in the Board's January 26, 2023, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4